GREEN, L,
delivered the opinion of the court. The objections alleged in the bill against Stuart’s guardian’s and administration account, are wholy unfounded. It is not surcharged or falsified as to a single item: there is, perhaps, error in it prejudicial to Elizabeth M’Carty, which she does not complain of, and a trivial error in the computation of interest prejudicial to Stuart: but there are no errors prejudicial to Lee and wife. According to the settled doctrine of this court, they have no right to open the account. But there is, on the face of the accounts, an error in addition, prejudicial to Stuart, to- the amount of j£700 or ^800, which ought to be corrected; and there is a library belonging to M’Carty’s estate, which is 3'et to be accounted for to his distributees; and the case should be sent to a commissioner, *only for the purpose of correcting the error in addition, and having an account of the library.
There is no shadow of ground, upon which a court of equity can set aside or declare the marriage settlement void, or lend its aid to assist the appellants in attaining their object in this respect. Lee was a party to the deed, and is bound by it; and no fraud or imposition on him being suggested, no court can, under any pretence, relieve him from the obligation of it. He covenanted with the trustees, to execute any further conveyance, and otherwise to give full effect to the provisions of the settlement. The object of the present proceeding is to procure the aid of the court to enable him to violate that covenant. For the only purpose and effect of setting aside the deed of settlement, would be to enable his wife to dispose of the property for his benefit, or according to his pleasure; since she could make no disposition of it without his concurrence. So far from a court of equity assisting him to frustrate the settlement, it ought to interfere, if necessary, to prevent him from assisting her in defeating it. Durnford v. Lane, 1 Bro. C. C. 106; Milner v. Harewood, 18 Ves. 279.
Nor can Stuart reclaim the proportions of the rents of the real estate of M’Carty, which he has passed to the credit of his wards, accounted for and paid, and which he now claims on account of his wife’s right to dower. If she ever had such a right, the1 legal title is gone by her death, and nothing could be claimed at law on that account; the third of the rents and profits accruing during her life could only have been claimed after her death, in a court of equity. And Stuart, with a knowledge of this equity if it existed, or at least of all the facts upon which it arose, has deliberately abandoned it by his own acts.
Decree reversed, and corrected, but at the costs of the appellants, the appellees being the parties substantially prevailing.